```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  AEROGEN LLC, et al.,                                      :
                                    Plaintiffs,             :
                                                            :
                   -against-                                :   24 Civ. 3840 (LGS)
                                                            :
  TAPJETS HOLDINGS, INC., et al.,                           :   ORDER
                                    Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants filed a Notice of Removal on May 17, 2024, and removed this action from state court pursuant to the Court's diversity jurisdiction;

WHEREAS, the federal courts are courts of limited jurisdiction and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1);

WHEREAS, diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000);[1]

WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

WHEREAS, a limited liability company ("LLC") generally takes the citizenship of each of its members for the purposes of diversity jurisdiction. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt.,*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Complete diversity is not established where the notice of removal fails to allege the citizenship of each member of a party LLC.  *See Platinum-Montaur Life Scis.*, 943 F.3d at 615;

WHEREAS, a Notice of Removal should allege the citizenship of each party, not merely the residence.  "It is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."  *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order); *accord Ymbras v. Inserra Supermarkets, Inc.*, No. 24 Civ. 00066, 2024 WL 532716, at *2 (S.D.N.Y. Jan. 10, 2024);

WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal.  "The general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time removal is sought to federal court."  *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 Fed.Appx. 489, 491 (2d Cir. 2003); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994);

WHEREAS, it is within the Court's discretion to *sua sponte* remand a case to state court where the party seeking removal has "failed to allege complete diversity of citizenship."  *Id.* at 618; *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309, 2022 WL 683996, at *2-3 (S.D.N.Y. Mar. 8, 2022) (*sua sponte* remanding case to state court where notice of removal failed to establish complete diversity);

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within

thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, Defendants' Notice of Removal is procedurally defective.  Defendants' Notice of Removal fails to plead facts sufficient to establish the citizenship of each member comprising each Plaintiff LLC; fails to plead facts sufficient to establish the citizenship, rather than mere residence, of the individual Defendants; and fails to plead facts to establish citizenship both at the time of commencement of the action and at time of removal.  It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County pursuant to 28 U.S.C. § 1447(c).

Dated: May 28, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE